UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICKOLAS D. BEMIS,<br><br>                      Plaintiff,<br>     v.<br><br>TACOMA POLICE DEPARTMENT, JENNIFER HERR, DEAN WAUBANASCUM, JARED MATHESON, MARK LINDQUEST, R/S, NEIL HORIBE, JENNIFER L. SIEVERS, ROBERT J. DePAN, GREGORY MITCHELL,<br><br>                      Defendants. | CASE NOS. C13-5139 RJB/KLS and<br>                      C13-5140 RBL/KLS<br><br>ORDER TO SHOW CAUSE |

These matters have been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff filed two cases, Case No. 13-5139RJB/KLS and No. 13-5140RBL/KLS, in which he names the same individuals relating to his arrest in Pierce County, Washington on August 26, 2011. In the first case, Plaintiff contends that the Defendants violated his Fourth Amendment right to be free from unreasonable search and seizure and in the second case, Plaintiff contends that the Defendants violated his Fifth Amendment right to due process. In a letter to the Clerk, Plaintiff stated that he filed the actions separately so that each claim could be determined on its own merit. ECF No. 2 in Case No. 13-5139RJB. In both cases, Plaintiff is asking this Court to dismiss the charges against him and for monetary damages. ECF No. 1-1, p. 4 in Case No. 13-5139RJB/KLS and ECF No. 1-1, p. 4, in Case No. 13-5140RBL/KLS.

ORDER TO SHOW CAUSE- 1

The Court has reviewed Plaintiff's proposed civil rights complaints. The relief Plaintiff seeks by way of these complaints is available only in habeas. For that reason, the Court declines to serve the complaints. Plaintiff shall show cause why the complaints should not be dismissed. In the meantime, the Court will hold Plaintiff's applications to proceed *in forma pauperis* (ECF No. 1 in both cases) pending Plaintiff's response to this Order so that Plaintiff will not incur the $350.00 filing fee debt for a civil rights case (as opposed to the $5.00 filing fee debt for a habeas petition).

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

ORDER TO SHOW CAUSE- 2

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

On the basis of these standards, Plaintiff has failed to state a claim upon which relief can be granted in either complaint.  Plaintiff contends that when he was arrested on August 26, 2011, the officers involved in his arrest conducted an illegal warrantless search without authority of law.  In his first complaint, he claims that the warrantless search violated his Fourteenth Amendment rights and in his second complaint, he claims that the warrantless search violated his Fifth Amendment due process rights.  ECF No. 1-1, p. 3 in Case No. 13-5139RJB/KLS and ECF No. 1-1, p. 3 in Case No. 13-5140RBL/KLS.  In both complaints, he asks the Court to "investigate" the alleged civil rights violations, to drop or dismiss the charges against him, and to grant monetary relief "in proportion to the time" he has spent "unlawfully incarcerated."  *Id.*, p. 4.

Because Plaintiff seeks an earlier release from confinement and damages relating to his continued confinement, his action is not cognizable under 42 U.S.C. § 1983 and the proper course of action to challenge his incarceration is through a habeas corpus petition, which he must first file in state court.  Plaintiff does not allege that he has done so nor does he allege that his conviction or sentence has been reversed or otherwise declared invalid.

ORDER TO SHOW CAUSE- 3

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In addition, prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988).

State remedies must be exhausted except in unusual circumstances. *Granberry*, *supra*, at 134. If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

ORDER TO SHOW CAUSE- 4

Because Plaintiff seeks an earlier release from confinement and damages relating to his continued confinement, his actions are not cognizable under 42 U.S.C. § 1983 and must be dismissed.  Plaintiff is **ORDERED** to show cause why the Court should not deny his applications to proceed *in forma pauperis* and dismiss these cases as frivolous.  Plaintiff must file a response with this Court on or before **April 5, 2013.**  If he fails to do so, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**DATED** this  11th  day of March, 2013.

*(signature)*

Karen L. Strombom
United States Magistrate Judge

ORDER TO SHOW CAUSE- 5