UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NICKOLAS D. BEMIS,<br><br>      Plaintiff,<br><br>  v.<br><br>TACOMA POLICE DEPARTMENT, JENNIFER HERR, DEAN WAUBANASCUM, JARED MATHESON, MARK LINDQUEST, R/S, NEIL HORIBE, JENNIFER L. SIEVERS, ROBERT J. DePAN, GREGORY MITCHELL,<br><br>      Defendants. | No. C13-5140 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: May 10, 2013** |

  This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is pending. The Court reviewed Plaintiff's proposed civil rights complaint and determined that the complaint seeks relief in habeas. ECF No. 1-1. In his complaint, Plaintiff alleges that the Defendants violated his Fifth Amendment right to due process during his arrest on August 26, 2011. ECF No. 1-1, p. 3. He asks the Court to "investigate" the alleged civil rights violations, to drop or dismiss the charges against him, and to grant monetary relief "in proportion to the time" he has spent "unlawfully incarcerated." *Id.*, p. 4.

//

//

REPORT AND RECOMMENDATION - 1

The Court declined to serve the complaint but gave Plaintiff an opportunity to file an amended complaint or to show cause why this case should not be dismissed.  In the meantime, the Court held his application to proceed *in forma pauperis* (ECF No. 1) pending Plaintiff's response so that Plaintiff would not incur the $350.00 filing fee debt.

In response to the Court's Order, Plaintiff states that he had not understood the need to fully exhaust his state court remedies prior to filing a § 1983 case in this Court.  ECF No. 4.  He asks the Court to defer final ruling in this case while he pursues his state court remedies and to not dismiss this case as frivolous pursuant to 28 U.S.C. § 1915(g).  *Id.*  Because Plaintiff must first pursue his remedies in state court, the undersigned recommends that this case be dismissed without prejudice to re-filing and without a strike.

**BACKGROUND**

Plaintiff filed two cases, Case No. 13-5139RJB/KLS and No. 13-5140RBL/KLS, in which he names the same individuals relating to his arrest in Pierce County, Washington on August 26, 2011.  In this case, Plaintiff contends that the Defendants violated his Fifth Amendment right to due process and in Case No. 13-5139RJB/KLS, Plaintiff contends that the Defendants violated his Fourth Amendment right to be free from unreasonable search and seizure.  In a letter to the Clerk, Plaintiff stated that he filed the actions separately so that each claim could be determined on its own merit.  ECF No. 2.  In both cases, Plaintiff is asking this Court to dismiss the charges against him and for monetary damages. ECF No. 1-1, p. 4 in Case No. 13-5139RJB/KLS and ECF No. 1-1, p. 4, in Case No. 13-5140RBL/KLS.

A separate Report and Recommendation similar to this one is being filed in Case No. 13-5139RJB/KLS.

REPORT AND RECOMMENDATION - 2

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

REPORT AND RECOMMENDATION - 3

On the basis of these standards, Plaintiff has failed to state a claim upon which relief can be granted.  Plaintiff contends that when he was arrested on August 26, 2011, the officers involved in his arrest conducted an illegal warrantless search without authority of law. He claims that the warrantless search violated his Fifth Amendment due process rights.  ECF No. 1-1, p. 3. He asks the Court to "investigate" the alleged civil rights violations, to drop or dismiss the charges against him, and to grant monetary relief "in proportion to the time" he has spent "unlawfully incarcerated." *Id.*, p. 4.  Because Plaintiff seeks an earlier release from confinement and damages relating to his continued confinement, his action is not cognizable under 42 U.S.C. § 1983 and the proper course of action is to first challenge his incarceration in state appellate courts.  Plaintiff does not allege that he has done so nor does he allege that his conviction or sentence has been reversed or otherwise declared invalid.

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Prisoners in state custody who wish to challenge the length of their confinement in federal court by a petition for writ of habeas corpus are first required to exhaust

REPORT AND RECOMMENDATION - 4

state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue they seek to raise in federal court. *See* 28 U.S.C. § 2254(b)(c); *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *Rose v. Lundy*, 455 U.S. 509 (1982); *McNeeley v. Arave*, 842 F.2d 230, 231 (9th Cir. 1988). If state remedies have not been exhausted, the district court must dismiss the petition. *Rose, supra*, at 510; *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988). As a dismissal solely for failure to exhaust is not a dismissal on the merits, *Howard v. Lewis*, 905 F.2d 1318, 1322-23 (9th Cir. 1990), it is not a bar to returning to federal court after state remedies have been exhausted.

Plaintiff's conviction or sentence has not been invalidated by either court or executive order. Therefore, any judgment in his favor in this case would necessary imply the invalidity of his sentence, as the logical consequence of such a judgment would be an earlier release from prison. Accordingly, Plaintiff's claims must first be considered in a state appellate court and the claims must be appealed through all levels of the state appellate courts before they can be brought in the federal district court for review.

## CONCLUSION

Because Plaintiff seeks an earlier release from confinement, his action is not cognizable under 42 U.S.C. § 1983. His complaint should be dismissed **without prejudice to re-filing** and his application to proceed *informa pauperis* (ECF No. 1) should be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the

REPORT AND RECOMMENDATION - 5

1 | time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 10, 2013**, as noted in the caption.

     **DATED** this  22nd  day of April, 2012.

                                              Karen L. Strombom
                                              United States Magistrate Judge

REPORT AND RECOMMENDATION - 6